# UNITED STATES DISTRICT COURT

Eastern District of Michigan

UNITED STATES OF AMERICA

v.

John Robert Davis
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-30273

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

5/3/2013
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section I of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## John Robert Davis Order of Detention

This is a presumption case. Defendant is 42 years old, single, and according to Defendant's girlfriend he has one child with her, and six other children born to other women. Defendant stated in his interview with Pretrial Services that he has no children. He has lived on Plainview with his girlfriend for two years, and before that was incarcerated at the MDOC from June 2010 until 2011 when he was released. Defendant's father lives in Detroit, and his mother and sister live in Georgia.

Defendant admits that he has no employment history of any consequence. He has no assets or monthly financial liabilities. He receives $200 monthly from the state of Michigan for food in the form of a bridge card.

Defendant admits to smoking marijuana since the age of 17, and last smoked the morning of his arrest. He declined to submit to a drug test.

Defendant's criminal history includes 8 criminal convictions which begin at age 19 and are interrupted only by periods of incarceration. Specifically the convictions span acts of serious violence, felony weapons, felony home invasion 3rd degree (where he held a loaded gun in the face of a 6 year old child while his accomplices robbed her father of the $20 he had on his person in his home).

The instant charges stem from Defendant's involvement in a conspiracy to rob a drug house of money proceeds. An undercover agent was involved. Defendant and his co-conspirators were planning to kill everyone in the drug house. Defendant is caught on tape making his intentions known to his co-conspirators. The plan then changed and Defendant decided to kill the drug courier (who was an undercover agent, a fact not known to the defendant at the time). Defendant and his co-defendants were arrested at a warehouse as they prepared to change into police clothing that was bought at an army re-sale shop so that they could pose as police officers as they gained entry to the drug house and carried out their mission to rob and kill.

Defendant argues that the whole plan and set up was pretext, not based in reality, and that therefore his client was enticed and ensnared by the government to prepare to commit a crime that never was going to take place. Defendant argues that because there were no drugs and no robbery, that Defendant does not pose a danger to society. Defendant asks for a bond, is willing to wear a tether, and states that he has employment available to him at a construction company.

Defendant was discharged from parole on March 7, 2013 and no sooner than April 18, 2013, five weeks later, Defendant became involved with what he thought would be a major robbery of a drug house where he intended to kill the occupants inside.

Pretrial Services finds that Defendant is a risk of flight based upon his substance abuse history, his lack of verifiable employment, the pending charges and his long criminal history.

Pretrial Services finds that Defendant poses a risk of danger due to the nature of the instant offense, Defendant's substance abuse history, his history of violent behaviors and crimes, and his general criminal history.

Defendant has failed to rebut the presumption of detention.

This Court concurs and finds that Defendant poses a danger to society and is a risk of flight for the reasons cited by Pretrial Services and the reasons cited above. There is no condition or combination of conditions that would assure either Defendant's appearance in Court or the safety of the community. Therefore Detention is Ordered.