1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

     Plaintiff,

-v-                           Case Number: 13-20369

JOHN ROBERT DAVIS,
RUFUS DEON WILSON,

     Defendants.

_____/


MOTION TO PRECLUDE ENTRAPMENT DEFENSE
BEFORE THE HONORABLE BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE
100 U. S. Courthouse & Federal Building
231 West Lafayette Boulevard West
Detroit, Michigan 48226
THURSDAY, May 15th, 2014


**APPEARANCES:**

For the Plaintiff:          MICHAEL C. MARTIN,
                             ASSISTANT U.S. ATTORNEY

                             DOUGLAS SALZENSTEIN,
                             ASSISTANT U.S. ATTORNEY

For the Defendant Davis:    Ronald E. Kaplovitz, Esq.


To Obtain Certified Transcript, Contact:
JOAN L. MORGAN, OFFICIAL COURT REPORTER
734 812-2672

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                    2
THURSDAY, MAY 15TH, 2014

1               Detroit, Michigan

2               Thursday, May 15th, 2014

3                    -- -- --

4               THE COURT: This is the matter of the United

5       States of America versus Davis, Wilson.

6               Mr. Boles was severed this morning.

7               May we have appearances for the record, please.

8               MR. MARTIN: Michael Martin and Douglas

9       Salzenstein for the Government, your Honor.

10              MR. KAPLOVITZ: Your Honor, Ron Kaplovitz, on

11      behalf of Mr. Davis.

12              I am also standing in for Mr. Daly. I've

13      understood from what I've seen on the notification that Mr.

14      Wilson is not going to be attending as he's in Midland.

15      They were not able to bring him in.

16              THE COURT: So he's not here?

17              MR. KAPLOVITZ: He's not here.

18              THE COURT: Okay.

19              MR. KAPLOVITZ: This is what I was told, your

20      Honor.

21              THE COURT: That's fine.

22              MR. MARTIN: Your Honor, with respect to Mr.

23      Wilson's absence what I would suggest at the outset is that

24      perhaps the Court address the Government's motion with

25      respect to Mr. Davis, and depending on how your ruling

13-20369      UNITED STATES OF AMERICA -V- DAVIS, ET. AL.

1    comes out, perhaps reserve judgment with respect to Mr.

2    Wilson, and give him an opportunity to be heard because if

3    the Government were successful in this, you know, we're

4    asking for you to preclude a defense. Thinking forward if

5    there were a conviction in this case, I would be concerned

6    that perhaps his lack of presence here and his attorney

7    could be an issue.

8            THE COURT: His attorney called and indicated that

9    counsel could -- I'll tell you right now and let's just

10   talk about it, I think that they have a right to raise it.

11   And I think they have a right to raise it. And I think the

12   law in the Sixth Circuit, and please correct me if I'm

13   wrong, doesn't mean just because they raise it that I'm

14   going to charge the jury on it, but I have to make a

15   determination at the conclusion of the trial whether or not

16   there's sufficient evidence as to the -- at least

17   essentially two factors exists. So I think they have a

18   right under the Sixth Circuit law the way I see it to raise

19   it. Now, whether or not they have the right to have the

20   matter go to the jury is another question. I mean that's

21   how I see it, and I would be more than happy to hear any

22   argument.

23           From a defense standpoint, and this is a

24   question, and then maybe each of you can answer it for me,

25   and that is that -- I think they have a right to raise it.

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                    4
THURSDAY, MAY 15TH, 2014

1    Does that then -- if they don't testify -- does that then

2    -- I'm not suggesting I need an answer today, but that's an

3    answer we're going to have to contend with by looking at

4    your pleadings. Does that mean that they can -- "they"

5    being the Government can then introduce evidence concerning

6    their criminal record for purposes of showing propensity?

7    So those are my issues.

8         Number one, I think the Government, I would be

9    more than happy to listen to any argument. I think, number

10   one, is I think they have a right to raise it. They have a

11   right to argue it. Whether it goes to the jury depends on

12   whether or not I believe there's sufficient -- do you

13   disagree with that, counsel? That's a fair analysis?

14        MR. KAPLOVITZ: Your Honor, I don't disagree with

15   that at all. I think you're absolutely right about some

16   facts. Basically -- it's almost like a reversed directed

17   verdict motion by the Government.

18        THE COURT: Let me hear what the Government -- I

19   agree with you. I've had a chance to look -- I haven't had

20   one of these in so long, I had to go back and look at it,

21   and I've looked at the Sixth Circuit jury instructions, and

22   comments and so forth. What's the Government's --

23        MR. MARTIN: Yes, your Honor.

24        So my basic position is I think in the typical

25   case, you're right, the defendant does have the right to

13-20369    UNITED STATES OF AMERICA -V- DAVIS, ET. AL.

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                    5
THURSDAY, MAY 15TH, 2014

1    raise the entrapment defense. And typically the way it
2    proceeds is they raise it during the course of the trial
3    and then the judge looks at the evidence that came in
4    during the course of trial, and makes a determination on
5    should an instruction be given or not.
6            In fact, I had a -- I don't know if you recall
7    this case or not. It was United States versus Poole. I
8    think it was maybe three years ago now I had a trial in
9    front of your Honor with --
10           THE COURT: Now that you say Poole, I remember
11   that.
12           MR. MARTIN: Yeah, he raised the entrapment
13   defense and that's exactly how it proceeded in that case.
14           This is different because what's happening in
15   this case is that the type of inducement that the
16   defendants are alleging as the basis for their entrapment
17   defense is not an inducement that is sufficient under the
18   law. Whereas -- let me contrast it to the Poole case.
19           In the Poole case --
20           THE COURT: But if it isn't sufficient then they
21   raise it and they don't get an instruction. How can I make
22   that determination before I hear the testimony. I don't
23   know -- the only testimony that I know -- the only thing
24   I've read is what the Government has presented.
25           MR. MARTIN: Because they told you in their

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                6
THURSDAY, MAY 15TH, 2014

1    responses to our motion what their alleged inducement is.

2    I'm just reading from Mr. Daly's brief, quote,

3            "The promise of a large amount of drugs, 10

4    kilograms of cocaine, was the lie used to induce the

5    defendants to participate."

6            That claim that just, hey, this was a crime

7    involving a lot of drugs, or this was a crime involving a

8    lot of profit is not at a matter of law sufficient for

9    inducement.

10           If you would just indulge me, your Honor --

11           THE COURT: Sure.

12           MR. MARTIN: Since we've filed our brief, we've

13   had a chance to go back and look at other cases from other

14   circuits as well, and I would just like to show you through

15   these cases as well that I'm not out on left field on this.

16   This is established law not only in the Sixth Circuit, the

17   cases I've cited, but also in other circuits.

18           This is a case, United States versus Cortex. It's

19   from the Ninth Circuit, from 2013. It's at 732 F.3d 1078.

20   This is a quote,

21           "It is not entrapment if a person is tempted into

22   committing the crime solely on the hope of obtaining ill-

23   gotten gain. That is often the motive to commit a crime."

24           Here's another one from Ninth Circuit, United

25   States versus Stenberg, 803 F.2d 422. This is a 1986

13-20369      UNITED STATES OF AMERICA -V- DAVIS, ET. AL.

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                    7
THURSDAY, MAY 15TH, 2014

1    decision.

2              This is a defendant by the name of Fike,

3              "Fike's principal argument is that he was in dire

4    financial straits and was induced to commit the charged

5    offense by the large sums of money Gavitt was offering."

6              That was the undercover agent.

7              "We have made clear that harsh though the rule

8    may be an individual cannot claim he was entrapped simply

9    because he was poor and could not resist the substantial

10   sums of money to be made."

11             Here's a case from the First Circuit, United

12   States versus Diaz-Diaz, 433 F.3d 128. This was decided in

13   2005, quote,

14             "The promise of financial gain, however, even if

15   significant is insufficient to demonstrate government

16   inducement."

17             And then lastly there was a case from the Seven

18   Circuit. This is United States versus Hall. It's 2010

19   decision. It's at 608 F.3d 340. I want to highlight this

20   case because it was a drug house robbery sting by the AFT.

21   The exact case we have in this --

22             THE COURT: Give me the cite, please.

23             MR. MARTIN: Yes, sir. It's 608 F.3d 340, United

24   States --

25             THE COURT: Can you get that for me?

     13-20369    UNITED STATES OF AMERICA -V- DAVIS, ET. AL.

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                    8
THURSDAY, MAY 15TH, 2014

1           Do you have a copy of it?

2           MR. MARTIN: I think I do, your Honor.

3           THE COURT: Oh, that would be great.

4           MR. MARTIN: I have an extra one for Mr.

5    Kaplovitz.

6           THE COURT: Thank you.

7           MR. MARTIN: If your Honor would just give me a

8    second I'm going to note the page I'm going to read from so

9    you can follow along with me.

10           May I approach, your Honor?

11           THE COURT: Of course.

12           MR. MARTIN: I've highlighted the portions that

13    I'm going to quote from.

14           THE COURT: Great.

15           MR. MARTIN: If I may just read them into the

16    record.

17           THE COURT: Why don't you just wait one second,

18    let me look at the case, please.

19           What page?

20           MR. MARTIN: This page 344 of the text. It's page

21    5 up in the corner.

22           THE COURT: Okay. Go on.

23           MR. MARTIN: Your Honor, if you turn to page 4 at

24    the top, the first full paragraph on the left starts,

25    quote,

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                9
THURSDAY, MAY 15TH, 2014

1          "One key issue was whether Hall could present an
2    entrapment defense. Before trial the government filed a
3    motion in limine to preclude the presentation of any
4    evidence or argument regarding entrapment. The district
5    court granted the motion, but Hall, nevertheless, requested
6    that the jury be instructed regarding entrapment. The court
7    denied that request."
8          So that is the same procedure we're attempting to
9    follow here.
10          And then if you turn to the next page, page 4,
11    down towards the bottom, that defendant, Mr. Hall,
12    basically raised the same type argument that these
13    defendants are with respect to inducement. The Seventh
14    Circuit said, quote,
15          "We also disagree with Hall's contention that the
16    sizeable potential profit from the proposed robbery of
17    cocaine was an extraordinary inducement. We rejected a
18    similar argument in Millet which also involved a planned
19    heist of illegal drugs."
20          And then in the next column over it picks back up
21    with, quote,
22          "In other words Hall was presented with the same
23    temptation faced by any person contemplating the robbery of
24    a drug stash house. The chance to acquire quickly a large
25    amount of drugs that could be sold for a big profit."

13-20369      UNITED STATES OF AMERICA -V- DAVIS, ET. AL.

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                  10
THURSDAY, MAY 15TH, 2014

1       In other words this idea that the profit from the

2   underlying crime cannot as a matter of law be an

3   inducement. Inducement is something else under the law, and

4   I've explained that in those Sixth Circuit decisions I've

5   cited. Inducement is something like a threat by the

6   undercover agent. You do this crime, or you're going to get

7   it. Or you've got to do this crime to save your child, your

8   dying child. Something besides just the gain you get from

9   the crime.

10      And so the defendants in this case when I filed

11   my motion in limine challenging whether they could make out

12   the element of inducement have now come back to the Court

13   in their filings and said, no, the inducement that we are

14   going to allege in this case was the profit from the crime.

15      My point is that, that's insufficient as a matter

16   of law and, therefore, you should say at the outset look

17   defendants if that's the inducement you're going to claim

18   you don't get to raise entrapment. If you have some other

19   inducement you want to claim let's hear what it is and

20   maybe you can present the defense. But just saying, hey,

21   there was a lot of money at stake I could have made a lot

22   of money is not sufficient as a matter of law.

23      And here how it plays out as a practical matter

24   from my prospective. The defendants come in and raise the

25   entrapment defense. They stand up in Opening and say my

13-20369     UNITED STATES OF AMERICA -V- DAVIS, ET. AL.

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                11
THURSDAY, MAY 15TH, 2014

1    client was entrapped. They cross-examine the Government's

2    witnesses about entrapment. They constantly are talking

3    about entrapment during the course of the Government's case

4    in chief. Then they decide we think we've established that

5    there was a large amount of money at play here. We think

6    that is sufficient to show entrapment, your Honor. We're

7    not going to put on a defense, we're not going to testify,

8    we've established inducement right there by cross-examining

9    the Government's agents about how many kilos of cocaine

10   were in the house, and we rest. And the jury has heard this

11   whole case from the parties and the defense about

12   entrapment, and now the Court's not going to instruct them

13   on what that is? It's not talked about it? It seems

14   unpractical.

15            The risk is that the jury gets back in the jury

16   room and just kind of makes up their own --

17            THE COURT: How about the Government make a motion

18   for me to charge the jury, ladies and gentlemen of the

19   jury, profit is not an element of entrapment and I'm not

20   going to charge you on entrapment.

21            MR. MARTIN: Well, if you were to deny our motion

22   today I would ask for such an instruction.

23            THE COURT: I mean, I don't know what I'm going to

24   do.

25            Let me hear what the other side has to say first.

13-20369      UNITED STATES OF AMERICA -V- DAVIS, ET. AL.

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                    12
THURSDAY, MAY 15TH, 2014

1           MR. KAPLOVITZ: Your Honor, the Government's

2    statement of the law is correct except for the fact that --

3    that's correct.

4           THE COURT: I think he's right.

5           MR. KAPLOVITZ: And you know what, that's what the

6    law there needs to be something else, and there is in this

7    case with regards to my client.

8           THE COURT: Tell me what it is.

9           MR. KAPLOVITZ: My client and Labron Nunn, the

10   confidential informant, they lived in the same household

11   together. Their parents had a dating relationship. It's a

12   friend/family based relationship. That's something else.

13   And it's specifically cited.

14           Your Honor, your ruling, your intended ruling is

15   absolutely correct. This is an issue that has to be sorted

16   out at the end of every case.

17           THE COURT: It's easy. I think I have to allow you

18   to proceed. However, with the understanding that you agree

19   and I agree that profit isn't entrapment.

20           MR. KAPLOVITZ: But I have something else. I do

21   have something else. It's legitimate --

22           THE COURT: That's fine. It has to be legitimate.

23   If the defense both for yourself and the other defendant,

24   if they have something that's legitimate you may go forward

25   with it.

13-20369       UNITED STATES OF AMERICA -V- DAVIS, ET. AL.

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                13
THURSDAY, MAY 15TH, 2014

1           I agree with the Government, profit isn't one of

2      those.

3           MR. KAPLOVITZ: And I will indicate that I intend

4      to call some witnesses to verify the relationship between

5      Mr. Nunn --

6           THE COURT: I'm not even sure relationship -- I'll

7      have to listen to the testimony.

8           MR. KAPLOVITZ: I understand.

9           THE COURT: But as long -- if there is some

10     reasonable degree of law as to what your theory is on

11     entrapment, yours or the other defendant, that's great. If

12     it turns out that you just raise it as a red herring then I

13     suspect -- number one, I'm not going to give the jury a

14     charge on entrapment if there's no evidence for which they

15     could base their decision. And if there is introduction of

16     evidence that is clearly not entrapment and there's a whole

17     bunch of things that aren't.

18           If you just read the Sixth Circuit jury

19     instructions comments they talk about all the things that

20     aren't as well as lots of other cases. Then I may be forced

21     to give -- if the Government request it a charge by the

22     Government. But what I'm thinking is we have good attorneys

23     on both sides. I think the law is pretty clear that if

24     there is some degree of reasonableness that the defendant

25     want it -- raise that as a defense and we've got good

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                 14
THURSDAY, MAY 15TH, 2014

1    lawyers, lawyers who have done the research, profit I think

2    we all agree is not one of those.

3            I don't want to stifle the defense in terms of

4    entrapment if they think they have a case. If they have a

5    case, fine. If they don't, that's fine, too. It's a double-

6    edge sword because once that defense is raised then -- and,

7    again, I don't want to go into it.

8            It's funny, I haven't had this -- I forgot about

9    the Poole case. It's been such a long time I've decided --

10   sometime when you do just a little research it's better to

11   do the whole research than just a little. A million

12   questions came up in my mind for both sides.

13           MR. MARTIN: Well, I did want to also address the

14   second question that you posed at the beginning of the

15   hearing which was, you know, if they do raise the defense

16   can the Government rebut it in its case in chief, and how

17   is that going to work?

18           THE COURT: Well, I think you have to wait to see

19   what they're going to do because if they testify then you

20   can go into their criminal records. If they don't testify

21   then I think -- again, sometimes a little research is worse

22   than no research. The way I've been looking at the law so

23   far I haven't found any law anything other than saying that

24   the Government has a right to introduce criminal records

25   with a limited instruction as what the purpose --

13-20369     UNITED STATES OF AMERICA -V- DAVIS, ET. AL.

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                    15
THURSDAY, MAY 15TH, 2014

1              MR. MARTIN: My concern though is that, you know,

2       I think Mr. Kaplovitz will probably -- I don't know

3       probably -- he may very well be able to establish this

4       familia relationship that he's seeking to do through cross-

5       examination of some of the Government's witnesses it calls

6       in its case in chief and I could very well see a situation

7       where at the end of the day he feels like he had the

8       entrapment defense, wishes to argue it, and doesn't put on

9       a case in which case it's too late. The Government will

10      have rested and won't have a chance to rebut with things

11      like criminal record. That's why I moved as an alternative

12      if you were not inclined to prevent them from raising the

13      defense say to the defense now look you have now noticed as

14      I required you to do it is your intention to proceed with

15      entrapment. Your defense is entrapment. That way the

16      Government can in its case in chief just go ahead and do

17      the rebuttal because I imagine Mr. Kaplovitz through his

18      cross-examination questions is going to be trying to

19      establish that defense.

20              THE COURT: In fairness to both sides --

21              MR. KAPLOVITZ: Your Honor -- I'm sorry.

22              THE COURT: Go on.  No, no, I want to hear.

23              MR. KAPLOVITZ: They filed 404(b) notices which

24      probably have the same convictions they want to utilize.

25      They'd be able to do that in their case in chief anyway. I

13-20369      UNITED STATES OF AMERICA -V- DAVIS, ET. AL.

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                    16
THURSDAY, MAY 15TH, 2014

1    hate to admit it and it's sad to see but they're going to

2    get in significant parts of his record -- we're going to

3    get some of this stuff under 404(b).

4            THE COURT: You're going to listen to their

5    Opening Argument. They're going to listen to yours so

6    you'll know what it is and you'll know -- if they raise it,

7    I'd be more than happy to allow you to go into it if it's

8    raised in the Opening Arguments.

9            To resolve the question and I think you're right,

10   as to -- so you don't get sandbagged at the end, what we'll

11   do is -- and remind me so I don't forget -- when the

12   Government is getting ready to rest we have a conference

13   between the attorneys on the record just outside the

14   presence of the jury, how the defense is going to proceed

15   so that before you rest they'll give you some -- they'll

16   tell you what they're going to do. If they're going to call

17   witnesses they'll tell you who the witnesses are. If

18   they're not going to call witnesses then you won't get

19   sandbagged. You'll have time to call witnesses or put on

20   evidence or --

21           MR. MARTIN: Thank you, your Honor.

22           THE COURT: However -- again, one very important

23   caveat, if it is raised, anything that is raised whether

24   it's the relationships or anything during the Opening

25   Statement you may -- the door is opened.

13-20369      UNITED STATES OF AMERICA -V- DAVIS, ET. AL.

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                    17
THURSDAY, MAY 15TH, 2014

 1              MR. MARTIN: Okay.

 2              THE COURT: Once it's opened, it says opened and

 3    the Government can proceed from there.

 4              And remind me just before you're ready to rest,

 5    we'll talk about this.

 6              MR. MARTIN: Thank you, your Honor. I appreciate

 7    your --

 8              THE COURT: And you'll let counsel what happened?

 9              MR. KAPLOVITZ: Yes. I'll will explain it.

10              THE COURT: And let the record reflect that he did

11    call and he said counsel could stand in. If there's any

12    questions between now and the trial about this issue let me

13    know and we'll resolve it.

14              MR. MARTIN: On another procedural matter --

15              THE COURT: Please.

16              MR. MARTIN: -- entirely separate --

17              THE COURT: Yes.

18              MR. MARTIN: Both Mr. Wilson and Mr. Davis have

19    not yet been arraigned on the Second Superseding

20    Indictment. I don't know if Mr. Kaplovitz is available to

21    do that with respect to Mr. Davis today. I've prepared an

22    acknowledgment if he wishes to --

23              MR. KAPLOVITZ: I'll do it now.

24              THE COURT: I'll do it right now.

25              MR. MARTIN: Okay.


13-20369      UNITED STATES OF AMERICA -V- DAVIS, ET. AL.

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                    18
THURSDAY, MAY 15TH, 2014

1          THE COURT: Counsel, have you seen this Second --

2          MR. KAPLOVITZ: I've seen the Second Superseding

3     Indictment, and I've given a copy to my client.

4          THE COURT: He pleads not guilty.

5          MR. KAPLOVITZ: Not guilty, your Honor.

6          THE COURT: The Court will enter a plea of not

7     guilty.

8          MR. MARTIN: Your Honor, if I could just have --

9          THE COURT: Have it acknowledged, yes.

10          MR. MARTIN: Receive this acknowledgment and sign

11     it and give it to the Court?

12          THE COURT: Yes. As to Mr. Wilson --

13          MR. MARTIN: I will contact Mr. Daly and either

14     arrange for a time in duty court or next time we're in

15     court here.

16          THE COURT: Get that signed.

17          MR. MARTIN: Okay.

18          THE COURT: Do you know where he's being held?

19          MR. MARTIN: I think he's in Midland which is the

20     problem.

21          THE COURT: If we have to we'll arraign him before

22     we pick the jury.

23          MR. MARTIN: Yes, sir.

24          THE COURT: Have him see what he can do about

25     getting that signed.


13-20369     UNITED STATES OF AMERICA -V- DAVIS, ET. AL.

MOTION TO PRECLUDE ENTRAPMENT DEFENSE                    19
THURSDAY, MAY 15TH, 2014

1          MR. MARTIN: I will.

2          THE COURT: Rather than having the marshals move

3    him twice or three times, remind me that morning before we

4    call the jury and we'll arraign him and get it over with.

5          MR. MARTIN: Thank you.

6          MR. KAPLOVITZ: No, your Honor.

7          (Proceedings concluded.)

8                     -- -- --

9                    CERTIFICATE

10

11      I, JOAN L. MORGAN, Official Court Reporter for the

12    United States District Court for the Eastern District of

13    Michigan, appointed pursuant to the provisions of Title 28,

14    United States Code, Section 753, do hereby certify that the

15    foregoing proceedings were had in the within entitled and

16    number cause of the date hereinbefore set forth, and I do

17    hereby certify that the foregoing transcript has been

18    prepared by me or under my direction.

19

20                              S:/ JOAN L. MORGAN, CSR

21                              Official Court Reporter

22                              Detroit, Michigan 48226

23

24

25    January 7th, 2015


         13-20369     UNITED STATES OF AMERICA -V- DAVIS, ET. AL.