UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                          Criminal No. 13-CR-20369-01

vs.                                                      HON. BERNARD A. FRIEDMAN

JOHN ROBERT DAVIS,
#48410-039

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## THIRD OR SUCCESSIVE § 2255 MOTION

This matter is presently before the Court on defendant's "letter/motion." (ECF No. 233), which the Court shall interpret as his third or successive motion pursuant to 28 U.S.C. § 2255. The government has responded and defendant has replied. For the following reasons, the Court shall deny the motion.

Defendant was charged in a multi-count second superseding indictment related to a robbery and murder plot. (ECF No. 66). Count Five charged him with "possession of a firearm in furtherance of a drug trafficking crime, aiding and abetting," in violation of 18 U.S.C. § 924(c). (*Id.*, PageID.242-43). In 2014, a jury convicted defendant on all counts (ECF No. 100), and he was sentenced to 300 months' imprisonment. (ECF No. 117, PageID.691).

On August 30, 2017, defendant filed a motion to vacate, set aside, or correct his sentence and conviction under § 2255. (ECF No. 166). In that motion, he only challenged Count Five of the second superseding indictment. Defendant argued that Count Five was "duplicitous," illegally charged, and warranted a curative instruction from the Court because the indictment used the word "and" when addressing the predicate offenses, whereas the statute uses the word "or." (*Id.*, PageID.2352-54). The Court rejected defendant's motion, finding that the

arguments raised lacked merit.  (ECF No. 169, PageID.2362).  The Sixth Circuit affirmed this ruling on appeal.  (ECF No. 204).

On April 24, 2020, defendant filed a "letter/motion" arguing that the Court lacked jurisdiction over his case because Count Five of the second superseding indictment used the word "and" instead of the word "or."  (ECF No. 220, PageID.2743-45).  The Court interpreted this letter/motion as a second or successive § 2255 motion and transferred it to the Sixth Circuit for certification pursuant to 28 U.S.C. § 2244(b).  (ECF No. 225, PageID.2818).  The Court of Appeals  rejected defendant's claims on the merits.  (ECF No. 231, PageID.2839).  The court specifically noted that (1) "it is permissible for the government to charge in the conjunctive and prove in the disjunctive" and, regardless, (2) "defects in an indictment do not deprive a court of its power to adjudicate a case."  (*Id.*) (internal quotation marks omitted, citing *United States v. Kettles*, 970 F.3d 637, 649 (6th Cir. 2020) and *United States v. Cotton*, 535 U.S. 625, 630 (2002), respectively).

In the instant motion, defendant raises the same arguments regarding Count Five of the second superseding indictment and the Court's jurisdiction over this case. (ECF No. 233, PageID.2843-47).  Defendant cites Fed. R. Crim. P. 12(b)(1) in the title of his motion, but otherwise cites no law or rule of criminal procedure that permits him to file the motion or entitles him to the requested relief.  Rule 12(b) relates to pretrial motions, not post-conviction procedures.  The only avenue available to defendant for challenging his conviction is a § 2255 motion, which he has filed on two prior occasions, but to no avail.  "[F]ederal prisoners only have the right to file one motion under § 2255; all subsequent § 2255 motions may only be filed by leave of the appropriate circuit court of appeals."  *United States v. McDonald*, 326 F. App'x

880, 883 (6th Cir. 2009). The Sixth Circuit has already rejected defendant's claims on the merits, explaining that they fail to make the requisite prima facie showing under § 2255(h). (ECF No. 231, PageID.2838-39). Although pro se filings are to be liberally construed, *see McDonald*, 326, F. App'x at 882, there is simply no legal or procedural basis for the instant motion. Accordingly,

IT IS ORDERED that defendant's § 2255 motion (ECF No. 233) is denied.

Dated: June 8, 2022
       Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 8, 2022.

John Robert Davis 48410-039
Edgefield Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 725
EDGEFIELD, SC 29824

s/Johnetta M. Curry-Williams
Case Manager

3