UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

Case No. 13-cr-20369
HON. BERNARD A. FRIEDMAN

vs.

JOHN ROBERT DAVIS,

       Defendant.
_____/

**OPINION AND ORDER TRANSFERRING MOTION
TO DISMISS OR VACATE (ECF NO. 253)**

This matter is before the Court on defendant John Robert Davis's motion to dismiss or vacate pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6). (ECF No. 253). The Government has filed a response. (ECF No. 255). Davis has not filed a reply and the time to do so has passed. The Court will decide the motion without oral argument. E.D. Mich. LR 7.1(f). For the reasons stated below, the Court will transfer the motion to the Court of Appeals for the Sixth Circuit.

On June 4, 2014, Davis was convicted by a jury of multiple crimes, including conspiring to murder a federal employee. (ECF No. 100). The Sixth Circuit has recently detailed Davis's post-conviction filings. (ECF No. 249, PageID.2957-58). On direct appeal, the Sixth Circuit affirmed this Court's

judgment. (*Id.*, PageID.2957). In 2017, Davis filed a 28 U.S.C. § 2255 motion; this Court denied the motion on the merits and the Sixth Circuit affirmed. (*Id.*). The Sixth Circuit then twice denied Davis authorization to proceed with a second or successive § 2255 motion. (*Id.*). In 2022, Davis filed a letter which this Court construed as a second or successive § 2255 motion and denied; the Sixth Circuit held that the letter was properly construed as a § 2255 motion, but that it should have been transferred to the appellate court for a determination of whether he could proceed. (*Id.*, PageID.2958). The Sixth Circuit construed Davis's motion for a certificate of appealability as a request for authorization to proceed with a second or successive § 2255 motion and denied the request. (*Id.*).

In the present motion to dismiss or vacate, Davis urges that his indictment, judgment, and sentence are void due to a lack of due process and lack of subject matter jurisdiction. (ECF No. 253, PageID.2984). He asserts that he relies exclusively on Federal Rule of Civil Procedure 60(b)(4), (6). (*Id.*, PageID.2983).[1]

The Sixth Circuit has provided the following guidance for determining when a motion filed under Federal Rule of Civil Procedure 60(b) should be considered a 28 U.S.C. § 2255 motion in disguise.

---

[1] The Court notes in passing that Davis would not be entitled to relief under Federal Rule of Civil Procedure 60(b) in any event. *United States v. Diaz*, 79 F. App'x 151, 152 (6th Cir. 2003) ("A party may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to criminal proceedings.").

> A Rule 60(b) motion that attempts to add a new ground for relief is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion.  Likewise, a Rule 60(b) motion should be considered a § 2255 motion to vacate, set aside, or correct the sentence if it attacks the federal court's previous resolution of a claim *on the merits,* since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (cleaned up).  Here, apparently mindful that he may not submit a successive § 2255 motion without leave from the Court of Appeals, Davis asserts that he "is not requesting to file a second or successive petition pursuant to 28 U.S.C. [§] 2244."  (ECF No. 253, PageID.2983-84).  Nevertheless, because his motion "attempts to add a new ground for relief," it is considered a § 2255 motion.  *In re Nailor*, 487 F.3d at 1022 (cleaned up).

As a second or successive § 2255 motion, it "must be certified as provided in section 2244 by a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h).  And where, as here, a successive § 2255 motion is filed without the required certification, the district court must transfer the motion to the court of appeals.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *see also United States v. Kimball*, No. 19-5013, 2019 WL 7494404 (6th Cir. Aug. 16, 2019) (construing Fed. R. Civ. P. 60(b) motion attacking underlying criminal proceedings as a successive § 2255 claim and holding that district court should have transferred to Sixth Circuit).  Accordingly,

IT IS ORDERED Davis's motion to dismiss or vacate pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6) (ECF No. 253) is hereby transferred to the United States Court of Appeals for the Sixth Circuit.

**SO ORDERED.**

Dated: April 21, 2023
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on April 21, 2023.

**John Robert Davis** #48410-039
EDGEFIELD
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 725
EDGEFIELD, SC 29824

s/Johnetta M. Curry-Williams
Case Manager