UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 13-cr-20369-1
        Honorable Linda V. Parker

JOHN ROBERT DAVIS,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF NO. 267)

On June 4, 2014, a jury found Defendant John Robert Davis guilty of the following charges in a Second Superseding Indictment: (Count 1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (Counts 2 & 4) conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1); (Count 3) conspiracy to murder an employee of the United States in violation of 18 U.S.C. §§ 1114 and 1117; and (Count 5) possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (ECF No. 100.) The Honorable Bernard A. Friedman, to whom this case was previously assigned, sentenced Davis to terms of imprisonment of 120 months on Count 1, 240 months on each of Counts 2-4, and 60 months on Count 5, with Counts 1-4 running concurrently and Count 5 running

consecutively. (ECF No. 117.) The Sixth Circuit Court of Appeals subsequently affirmed Davis' convictions. (ECF No. 158.) Davis then filed a motion pursuant to 28 U.S.C. § 2255 (ECF No. 166), which Judge Friedman denied (ECF No. 169).

The matter is presently before the Court on Davis' motion for compassionate release pursuant to 18 U.S.C. § 3582(c). (ECF No. 267.) Davis seeks compassionate release due to family circumstances (i.e., being the only caregiver for his 73-year-old mother), his rehabilitation efforts, and other reasons (e.g., the now abandoned practice of sting operations which led to his arrest and convictions and the sentencing disparities those operations created). The United States opposes Davis' request. (ECF No. 269.) Davis has filed a reply brief, as well as supplemental evidence in support of the motion. (ECF Nos. 275, 279.) In the interim, the matter was reassigned to the undersigned on October 7, 2024.

## Applicable Law

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The statute allows a district court to reduce a defendant's sentence if three additional requirements are satisfied: (1) "extraordinary and compelling reasons"

support a reduction; (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the applicable factors in 18 U.S.C. § 3553(a) support relief. 18 U.S.C. § 3582(c)(1)(A); *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

The Sixth Circuit has found that the district court "is best situated to balance the § 3553(a) factors." *United States v. Kinkaid*, 802 F. App'x 187, 189 (6th Cir. 2020) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "And a district court acts within its discretion when it denies compassionate release based on the seriousness of the underlying offense." *United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

## Analysis

As the United States acknowledges, Davis exhausted his administrative remedies before moving for compassionate release here. (*See* ECF No. 267 at PageID. 3191-92.) The remaining requirements for relief under the compassionate-release statute are not satisfied, however. The Court does not find

3

it necessary to address any requirement except the § 3553(a) factors, because an analysis of those factors weighs against granting early release. These factors include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing the defendant with any necessary correctional services and treatment. *See* 18 U.S.C. § 3553(a).

Davis has an extensive criminal history. (*See* PSR at Pgs. 12-19.) He had ten adult convictions before the events charged in this case. (*Id.*) These prior convictions include fraud crimes, drug possession, firearm possession, and assault. (*Id.*) Davis' prior convictions include violent conduct.

In one instance, Davis pulled a gun on the victim, ordered the victim out of the victim's car, and attempted to hit the victim on the head with the gun. When the victim attempted to run away, Davis shot him. (ECF No. 135 at PageID. 1575-76; PSR at Pg. 15.) A jury convicted Davis of assault with intent to commit bodily harm, less than murder, and he pleaded guilty to felony firearm. (PSR at Pg. 15.)

After his release from prison for the above offenses, Davis continued to violate the law. (*Id.* at Pgs. 16-19.) He was convicted of carrying a concealed pistol, resisting arrest, and attempted uttering and publishing. (*Id.* at Pgs. 16-17.) Then he was convicted of third-degree home invasion based on his entry into a

4

home, with two accomplices, while the intended victim was there with his six-year-old daughter. (*Id.* at Pgs. 17-18.) One of the three men pointed a shotgun at the child. (*Id.*) Another attempted to choke the victim, while another attempted to gouge the victim's eyes. (*Id.*) Davis was on court supervision for this conviction when he committed the crimes at issue in the present matter. (*Id.* at Pgs. 18.)

These crimes involved a plot to steal drugs from and murder an undercover federal agent. Davis and his co-defendant, Rufus Deon Wilson, planned to assist the agent in obtaining the drugs by storming a drug supply house, while armed. Davis and Wilson discussed slitting the agent's throat, removing his clothing, and burning him in his vehicle. When Davis and Wilson met up with a confidential informant and the agent to carry out the robbery, they wore latex gloves and Wilson possessed a large, serrated knife and loaded firearm. Davis and Wilson acted with premeditation to commit a brutal murder.

Granting Davis compassionate release a little over ten years into his twenty-five-year sentence would not reflect the seriousness or depravity of his crimes or promote respect for the law. Nor would a reduction in his sentence be sufficient to protect the public from further crimes by him.

In sum, the Court's analysis of the § 3553(a) factors leads it to conclude that a reduction of Davis' sentence is not appropriate. This remains true regardless of any and compelling and extraordinary circumstances asserted.

Accordingly,

**IT IS ORDERED** that Defendant John Robert Davis' motion for compassionate release (ECF No. 267) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 14, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 14, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager